UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER CAMBRON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:13-cv-00004-JAW |
| | ) |
| BREWER POLICE DEPARTMENT, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Christopher Cambron has sued three groups of defendants in this case, alleging that various law enforcement officers and agencies violated his civil rights by engaging in his false arrest, brutally assaulting him, and torturing, intimidating, and threatening him and his wife and their two minor children. Each set of defendants has filed a dispositive motion: (1) Brewer Police Department and Levi Sewall's Motion to Dismiss (ECF No. 16); (2) Maine State Police Troop E and Christopher Hashey's Motion to Dismiss (ECF No. 21); and (3) Penobscot County Sheriff's Department and Deputy Mason's Motion for Judgment on the Pleadings[1] (ECF No. 23). Cambron responded indirectly to the first motion by filing his own motion for change of venue, which I denied. (ECF No. 17.) He has failed to file any substantive response to any of the three motions, and I now recommend that the court grant each motion.

**Legal Standards**

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff must set forth (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the

---

[1] Also within this group are unnamed "jailers" at the Penobscot County Jail.

claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). When deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "'plausible on its face.'" Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)). "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011.)

Cambron's lack of a response to any of the pending motions does carry with it the possibility that the court could dismiss this action based upon his waiver of any objection. District of Maine Local Rule 7(b) provides: "Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." The waiver determination apropos a civil rule 12(c) motion and this district's Local Rule 7(b) was addressed by the First Circuit in NEPSK, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002). The Panel reasoned:

> Given Rule 12(c)'s silence on the subject, we cannot conclude that the district court's strict enforcement of Local Rule 7(b) creates an impermissible conflict

>with federal Rule 12(c).  As the district court put it, "[t]here is simply no reason contained in [Rule 12(c)] or its intendment to prevent an otherwise appropriate and enforceable rule of default, *i.e.* Local Rule 7(b), from operating on a motion under Rule 12(c) without consideration by the court of its merits."  We agree, and hold that the district court did not abuse its discretion in insisting on compliance with its local rule .…

Id. at 9 (citations omitted).

Motions for judgment on the pleadings are ordinarily accorded the same treatment as motions to dismiss.  Aponte-Torres v. Univ. of P. R., 445 F.3d 50, 54 (1st Cir. 2006); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).  There is only "a modest difference between Rule 12(c) and Rule 12(b)(6) motions," in that a Rule 12(c) motion "implicates the pleadings as a whole."  Aponte-Torres, 445 F.3d at 54-55 (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004)).  Neither Rule 12(b)(6) nor Rule 12(c) allows for the resolution of any contested facts, the pertinent facts being primarily those alleged in the plaintiff's complaint.

## Discussion

All of the defendants point out that to the extent Cambron purports to represent his wife and children, those claims must be dismissed.  As a pro se litigant, Cambron is not entitled to represent his children.  Burrell v. Anderson, 353 F. Supp. 2d 55, 73 (D. Me. 2005).  Nor may he represent his wife.  Cf. Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir.1982) (holding that non-lawyer prisoner cannot represent another prisoner in litigation, but basing the ruling on the fact that a non-lawyer is barred from representing anyone but himself).

### *Brewer Police Department and Levi Sewall's Motion to Dismiss*

Claims against local governmental entities are suits against the inhabitants of the governmental entity, making the entity itself the only proper party defendant.  To the extent Cambron wishes to name as a party defendant the Brewer Police Department, which is simply

one part of the City of Brewer, such a department of a governmental entity is not an entity with the legal capacity to sue or be sued, and should be dismissed from the case for that reason. To the extent Cambron intended to sue the City of Brewer, he has not pled facts sufficient to state a municipal liability claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, so even the Inhabitants of the City of Brewer are not properly substituted. The complaint contains absolutely no specific factual allegations as to what it is that Levi Sewall is alleged to have done and thus it does not state a claim against him. He is alleged to have caused physical harm to Mr. Cambron and "blood exposure" to Mrs. Cambron in the course of a "false arrest" of Christopher Cambron that involved "assault and brutalization" and included "torture, intimidation and threats" on the side of a highway and at the Penobscot County Jail. The acts of torture, intimidation, and threats are alleged to have included the children as victims. It is further alleged that detention and torture persisted for all even after it was determined that none of the Cambrons had committed any crime and that there was a cover-up instead of an apology. (Complaint ¶¶ 1-8.) Such allegations are fairly characterized as "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

*Maine State Police Troop E and Christopher Hashey's Motion to Dismiss*

Cambron's claims against Maine State Police Troop E are barred by the Eleventh Amendment. Claims against a state agency are another way of pleading claims against a state, and a state is not a "person" subject to suit for money damages under 42 U.S.C. § 1983, the mechanism Cambron relies on to bring his civil rights claims in this case. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (holding that, absent consent, the Eleventh Amendment bars suits in federal courts against

a state, its departments, and its agencies).  Additionally, the allegations against Maine State Trooper Christopher Hashey do not satisfy the pleading requirements imposed by Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).  As with Sewall, Cambron alleges, without elaboration, that Trooper Hashey "did knowingly engage in a false arrest of Christopher Cambron;" that the State Defendants "were participants in an assault and or brutalization" of him and his wife, Brenda Cambron;  and that the State Defendants participated in "torture, intimidation, and threats" against Cambron, his wife, his adult son, and their two minor children over a period of two hours on the side of a highway.  Cmplt. at 2, ¶¶ 1-3.  Such allegations are fairly characterized as "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

*Penobscot County Sheriff's Department and Deputy Mason's Motion for Judgment on the Pleadings*

The Penobscot County defendants appear to be sued in connection with events that transpired at the Penobscot County Jail following the two-hour incident on the side of the highway mentioned in the allegations.  Deputy Mason is charged in connection with "blood exposure" at the jail.  (Complaint ¶ 5.)  These claims are too general and conclusory to support a claim.  Cambron has set forth no factual background to explain the basis for these claims.  Furthermore, he has not asserted any facts that would support the imposition of municipal liability against Penobscot County on the basis of an unconstitutional policy or custom as required by Monell.

## Conclusion

Based upon both Cambron's waiver of any opposition and the merits of these three motions, I recommend that the court grant all three motions and enter judgment for defendants.

5

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: June 18, 2013                /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge